UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

DEBORAH DAVIS and
ENRIQUE MADRINAN,
    Plaintiff,

vs.

LAS OLAS BOULEVARD, LTD., and
RISTORANTE NUMERO DIECI LTD.
d/b/a LOUIE BOSSI'S RISTORANTE
BAR PIZZERIA,
    Defendants.

## COMPLAINT

Plaintiffs, DEBORAH DAVIS and ENRIQUE MADRINAN, (hereinafter "Plaintiffs") by his undersigned, hereby files this Complaint and sues, LAS OLAS BOULEVARD, LTD. and RISTORANTE NUMERO DIECI LTD. d/b/a LOUIE BOSSI'S RISTORANTE BAR PIZZERIA (hereinafter "Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., and 42 U.S.C. §12131-12134 (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), the Florida Americans With Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction[1] (hereinafter collectively referred to as "FACBC").

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

---

[1] Florida Statutes §§ 553.501 through 553.513 and Florida Building Code Chapter 11.

1

2. This Court also has pendant jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

3. Venue in this district is proper under Title 28 U.S.C. § 1391, since all acts or omissions giving rise to this action occurred in the Southern District of Florida, Broward County, Florida, and the subject Premises is located in Broward County, Florida.

## PARTIES

<u>PLAINTIFF, DEBORAH DAVIS.</u>

4. Plaintiff, Deborah Davis, is a resident of the State of Florida, is *sui juris*, and is a qualified individual under the ADA and the FACBC who has been intentionally denied access to the Subject Premises as set forth more fully herein, and who will continue to be intentionally denied such access without the injunctive relief requested herein.

5. Ms. Davis is limited in one or more major life activities, as a result of a severe spinal cord injury which requires her to use a wheelchair to ambulate.

6. Ms. Davis is a mother, college graduate and professional who frequently travels locally and internationally, dines out often in her personal and professional capacities, and who is also an actively social, fiercely independent, and highly educated, individual.

7. Ms. Davis attempted to visit LOUIE BOSSI'S RISTORANTE BAR PIZZERIA, the property which forms the basis of this lawsuit, on October 07, 2017 and again on September 22, 2019, but was unable to access the bar counters nor the nearby seating which is serviced by wait staff.

8. Ms. Davis, a resident of South Florida who resides lives in proximity to the restaurant, will return to the subject premises once the architectural barriers to access and discriminatory policies and procedures violating the ADA and the FACBC are no longer present.

9. Like most able-bodied patrons, Ms. Davis and looks forward to revisiting LOUIE BOSSI'S RISTORANTE BAR PIZZERIA to partake in the full and equal enjoyment of the amenities, goods, services, facilities, privileges, advantages and accommodations offered to the general public by this facility. However, Plaintiff Davis is deterred from returning so long as the discriminatory barriers and policies described herein continue to exist at the Premises.

10. The facility is in an area frequently traveled by Ms. Davis.

11. Ms. Davis has her own vehicle and does drive. She has visited the property, which forms the basis of this lawsuit and plan to return to the property to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. Her access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

12. Independent of her personal desire to have access to this place of public accommodation free of illegal barriers to access Ms. Davis is an advocate of the rights of similarly situated disabled persons and an advocate of asserting her civil rights. In this instance, Ms. Davis, in her individual capacity has visited the Premises, encountered barriers to access at the Premises, engaged and tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein. It is Plaintiff, Deborah Davis', belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

PLAINTIFF, ENRIQUE MADRINAN.

13. Plaintiff, Enrique Madrinan, is a resident of the State of Florida, is *sui juris*, and is a qualified individual under the ADA and the FACBC who has been intentionally denied access to the Subject Premises as set forth more fully herein, and who will continue to be intentionally denied such access without the injunctive relief requested herein.

14. Plaintiff Madrinan is limited in one or more major life activities, as a result of A severe spinal cord injury which requires him to use a wheelchair to ambulate and who retains limited manual dexterity.

15. Mr. Madrinan is a father, college graduate and professional who frequently travels locally and internationally, dines out often in his personal and professional capacities, and is also an actively social, fiercely independent, highly educated, professionally licensed individual.

16. Mr. Madrinan visited the LOUIE BOSSI'S RISTORANTE BAR PIZZERIA, the property which forms the basis of this lawsuit, on March of 2019, but was unable to access bar counter within the facility.

17. Mr. Madrinan, a resident of South Florida who resides lives in proximity to the restaurant, will return to the subject premises once the architectural barriers to access and discriminatory policies and procedures violating the ADA and the FACBC are no longer present.

18. Like most able-bodied patrons, Mr. Madrinan and looks forward to revisiting the facility to partake in the full and equal enjoyment of the amenities, goods, services, facilities, privileges, advantages and accommodations offered to the general public by this facility. However, Plaintiff, Madrinan, is deterred from returning so long as the discriminatory barriers and policies described herein continue to exist at the Premises.

19. The facility is in an area frequently traveled by Mr. Madrinan.

20. Mr. Madrinan has his own vehicle and does drive. He has visited the property, which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. His access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

21. Independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access Mr. Madrinan is an advocate of the rights of similarly situated disabled persons and an advocate of asserting his civil rights. In this instance, Mr. Madrinan, in his individual capacity has visited the Premises, encountered barriers to access at the Premises, engaged and tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein. It is Plaintiff, Enrique Madrinan's, belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

<u>DEFENDANTS.</u>

22. Defendant LAS OLAS BOULEVARD, LTD. transacts business in the State of Florida and within this judicial district. Defendant is the owner and/or representative of the owners of the Restaurant, which is the subject of this action, located on or about 1002-1004 E. Las Olas Blvd., Ft. Lauderdale, FL 33301 (hereinafter the "Facility").

23. Defendant, RISTORANTE NUMERO DIECI LTD. d/b/a LOUIE BOSSI'S RISTORANTE BAR PIZZERIA transacts business in the State of Florida and within this judicial district. Defendant is the owner and/or representative of the owners of the property which is the subject of this action, located on or about 1002-1004 E. Las Olas Blvd., Ft. Lauderdale, FL 33301. (hereinafter the "Facility").

24. LOUIE BOSSI'S RISTORANTE BAR PIZZERIA opened for business on or about April 30, 2017.

25. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA (hereinafter "STANDARDS"). Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

26. Pursuant to 28 CFR part 36.406(a)(3) this facility was required to provide an accessible bar counter and accessible table seating spaces consistent with 2010 Standard § 902.

27. Pursuant to 28 CFR § 36.401(a), the facility was required to provide an accessible forward approach to a designed-integrated lowered section of any and all bar counters to be accessible in relation to the respective total number of standing and seating spaces at the bars as of the date of first occupancy and otherwise fully comply with 2010 ADA Standard § 902, 904, 305 and 306.

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

6

28. The 2010 ADA Standards have been fully noticed, are readily available and easily referenced at 36 CFR § 1191, *et seq.*, and consist of the 2004 ADAAG and the requirements contained in subpart D of 28 CFR part 36.

29. Defendant, LAS OLAS BOULEVARD, LTD., has previously been placed on notice of their violations of the ADA in United States District Court, Southern District of Florida, Case No. 08-cv-60290, *Karakis vs. Restaurant Complexities LLC dba Mark's Las Olas and Las Olas Boulevard Ltd.* The Defendants have failed to bring the property into compliance with the ADA and ADAAG as required.

30. Similarly, Defendant, RISTORANTE NUMERO DIECI LTD. d/b/a LOUIE BOSSI'S RISTORANTE BAR PIZZERIA, has been sued twice for violations of the ADA. First in US District Court, Southern District of Florida, Case No. 16-cv-60161, *Cohan vs. Ristorante Numero Dieci Ltd.*; and secondly, for violations of the ADA on it's website in U.S. District Court, Southern District of Florida, Case No. 19-cv-60682, *Sergueevitchev vs. Ristorante Numero Dieci Ltd.*. The Defendants have failed to bring the property into compliance with the ADA and ADAAG as required.

31. The existence of prior ADA cases against coupled with their failure to adhere to the New Construction Guidelines, serves as *prima facie* evidence that Defendants herein knew or should have known of their responsibilities and requirement to ensure that architectural barriers are removed and that required elements are accessible to those with disabilities, such as the instant Plaintiffs. Defendants failed to do so. Consequently, Plaintiffs stress that Defendants' violations of the ADA as raised in this Complaint are intentional in nature and cannot be overcome absent a permanent injunction with retention of jurisdiction to ensure judicial oversight in order to ensure that Defendants are not able to return to their old ways of blatantly

intentionally subjecting the Plaintiffs and all those similarly situated to their discriminatory conduct. A permanent injunction is also required to compel employee and management training so as to ensure that existing discriminatory policies and procedures are terminated and not repeated, and that accessible elements are installed and maintained.

32. Pursuant to 28 CFR part 36.406(a)(3), this facility is required to comply with the 2010 ADA Standards of the date when the last application for a building permit or permit extension is certified to be complete by a State, county, or local government (or, in those jurisdictions where the government does not certify completion of applications, if the date when the last application for a building permit or permit extension is received by the State, county, or local government) is on or after March 15, 2012, or if no permit is required, if the start of physical construction or alterations occurs on or after March 15, 2012.

33. Defendants knew or should have known that the common seating design modules and schemes approved and used by Defendants fail to provide adequate and sufficient accessible seating within all areas of the facility.

34. Plaintiffs allege that Defendants uniformly approved the use of these unlawful design modules/schemes at their facility's bar counters intentionally disregarding the accessibility requirements of the ADA.

35. Plaintiffs allege that Defendants approved and utilized these inaccessible modular structures to ensure uniformity of design, feel and functionality at its location which purposely exclude individuals who require a wheelchair to ambulate, including the instant Plaintiff.

36. Plaintiffs further allege that Defendants' in-house design committee approved the use of the inaccessible common design of the seating with deliberate and indifference to, and disregard for, Plaintiffs and those similarly situated.

37. Plaintiffs further allege that Defendants' in-house design committees uniformly created a policy of using inaccessible tables and bars throughout this facility, thereby further serving to isolate Plaintiffs, both physically and emotionally, and denying them the full enjoyment of the amenities, services, privileges, activities and accommodations of the facility.

38. As a result, and for additional reasons set forth herein, it cannot reasonably be denied that the Defendant has intentionally discriminated against these Plaintiffs and all those similarly situated.

39. The egregiousness of Defendants' offending conduct, including the existence of discriminatory policies and procedures, combined with denying access to individuals with disabilities such as the Plaintiffs and others similarly situated, compel this Court to retain continuing jurisdiction and oversight over this action until it is absolutely clear the offending conduct set forth herein cannot reasonably be repeated and Defendants be allowed to return to their discriminatory ways, including re-implementing discriminatory policies and procedures.

40. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is structurally practicable. 42 U.S.C. §12183(a)(1).

41. The Defendants' facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

42. In these instances, on see dates above, Ms. Davis and Mr. Madrinan visited the facility and encountered barriers to access at the facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendants' ADA violations set forth herein.

43. Plaintiffs have suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

44. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

45. Ms. Davis and Mr. Madrinan have attempted to and have, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

46. Ms. Davis and Mr. Madrinan intend to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

47. Defendants have discriminated against Plaintiffs and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv),

and will continue to discriminate against Plaintiffs and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiffs.

48. Defendants have discriminated against Ms. Davis and Mr. Madrinan by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiffs' ability (because of their disabilities) to access the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility include:

### INDOOR MAIN BAR AND SECONDARY ("Sushi") BAR AREAS

i) There are no permanent accessible seating spaces at the main Bar.

ii) There is no lowered accessible counter at the main bar.

iii) There are no accessible tables near the main bar.

iv) There are no accessible tables within the indoor dining area near the main bar; only inaccessible high tops are available.

v) There is no accessible booth in the main dining area although inaccessible booths are provided to the able bodied.

vi) There is no lowered counter provided at the smaller sushi bar counter towards the west end of the indoor dining room.

vii) There are insufficient accessible tables inside the restaurant in relation in relation to the total number of standing and seating spaces.

### OUTDOOR SIDEWALK SEATING AND BAR

viii) There are no permanent accessible seating spaces at the sidewalk Bar counter.

ix) There is no lowered accessible counter at the sidewalk bar.

x) There are no accessible tables near the sidewalk bar; only inaccessible high-top tables are available.

      **vii.** There are no accessible tables within the sidewalk dining area near the main bar; only inaccessible high tops are available.

### REAR PATIO BAR COUNTER AND SEATING

      xi) There are no permanent accessible seating spaces at the rear patio bar counter.

      xii) There is no lowered accessible counter at the rear patio bar counter.

49. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiffs and/or which exist at the facility. Plaintiffs require an inspection of the facility in order to determine all of the discriminatory acts violating the ADA.

50. Ms. Davis and Mr. Madrinan have attempted to gain access to the facility, but because of their disabilities has been denied access to, and has been denied the benefits of services, programs, and activities of the facility, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

51. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

52. Plaintiffs are without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

53. Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiffs are entitled to have their reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

54. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiffs, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiffs respectfully request that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiffs their reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully Submitted,

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
   Attorney for Plaintiffs
Glenn R. Goldstein & Associates, PLLC
150 SE 2nd Ave, Ste. 805, Miami, FL 33131
Ph: 561-573-2106, Fx: 305-400-0722
GGoldstein@G2Legal.net

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
   Attorney for Plaintiffs
Lauren N. Wassenberg & Associates, P.A.
1825 NW Corporate Blvd., Ste. 110
Boca Raton, FL 33431
Ph: 561-571-0646, Fx: 561-571-0647
WassenbergL@gmail.com